**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ROBERT METZGAR III, | : | |
| | : | C.A. No. |
| Plaintiff, | : | |
| | : | |
| v. | : | [Related to Delaware Superior Court |
| | : | Case No. N18C-07-081-CLS] |
| STATE OF DELAWARE DEPARTMENT | : | |
| OF NATURAL RESOURCES AND | : | |
| ENVIRONMENTAL CONTROL, | : | |
| an agency of the State of Delaware, | : | |
| SHAWN M. GARVIN, Secretary of | : | |
| DNREC, in his official capacity, DAVID | : | |
| SMALL, former Secretary of DNREC, | : | |
| in his official capacity, CHIEF DREW T. | : | |
| AYDELOTTE, in his individual and | : | |
| official capacities, and CAPTAIN BRIAN | : | |
| POLLOCK, in his individual and official | : | |
| capacities, | : | |
| | : | |
| Defendants. | : | |

**NOTICE OF REMOVAL**

**TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF THE STATE OF DELAWARE**

Defendants State of Delaware Department of Natural Resources and Environmental
Control, Shawn M. Garvin, David Small, Drew T. Aydelotte, and Brian Pollock, by and through
the undersigned attorneys, hereby remove the above-captioned case to this Honorable Court
and provide notice of same to Plaintiff Robert Metzgar III.  In  support of the removal, the
Defendants aver as follows:

1.      Plaintiff's Delaware Superior Court Complaint in the above-referenced matter was
filed on or about July 11, 2018.  The last Defendant was served on July 25, 2018.  A copy of the
Complaint is attached as **Exhibit A**.  A copy of the Superior Court docket showing service on July
25, 2018 is attached as **Exhibit B**.

2.      The above-described civil action is one in which this Honorable Court has original jurisdiction pursuant to 28 U.S.C. § 1343 inasmuch as Plaintiff seeks redress for alleged violations of Plaintiff's civil and constitutional rights, and is accordingly one which may be removed to this Honorable Court pursuant to 42 U.S.C. § 1983. Counts I through IV of Plaintiff's Complaint bring claims under 42 U.S.C. § 1983.

3.      Concurrent with this filing, Defendants are giving written notice of the filing of this Notice of Removal to the Clerk of the Superior Court of the State of Delaware and the Plaintiff, as required by 28 U.S.C. §1446(d), by filing a Notice of Filing of Notice of Removal with the Superior Court and serving a copy of the same upon all parties. **Exhibit C** is a true and correct copy of the Notice of Filing of Notice of Removal.

WHEREFORE, Defendants pray that the above-referenced action now pending in the Superior Court of the State of Delaware be removed to this Honorable Court.

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

/s/ Wilson B. Davis
Ralph K. Durstein, III (DE #912)
Wilson B. Davis (DE #5154)
Deputy Attorneys General
Carvel State Office Building
820 North French Street, 6th Fl.
Wilmington, Delaware 19801
Ralph.Durstein@state.de.us
Wilson.Davis@state.de.us
(302) 577-8400
*Counsel for Defendants*

Dated: August 24, 2018

# EXHIBIT A

**EFiled:  Jul 11 2018 02:05PM EDT**
**Transaction ID 62228793**
**Case No. N18C-07-081 CLS**

**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| ROBERT METZGAR III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. _____ |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| STATE OF DELAWARE DEPARTMENT | ) | |
| OF NATURAL RESOURCES AND | ) | |
| ENVIRONMENTAL CONTROL, | ) | |
| an agency of the State of Delaware, | ) | |
| SHAWN M. GARVIN, Secretary of | ) | |
| DNREC, in his official capacity, DAVID | ) | |
| SMALL, former Secretary of DNREC, | ) | |
| in his official capacity, CHIEF DREW T. | ) | |
| AYDELOTTE, in his individual and | ) | |
| official capacities, and CAPTAIN BRIAN | ) | |
| POLLOCK, in his individual and | ) | |
| official capacities, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

## INTRODUCTION

1.      Plaintiff, Robert Metzgar III ("Plaintiff") files this action against Defendant State of Delaware Department of Natural Resources and Environmental Control Fish & Wildlife Natural Resources Police ("DNREC"), Shawn M. Garvin, David Small, Chief Drew T. Aydelotte, and Captain Brian Pollock (collectively "Defendants") for compensatory damages in violation of his Fourteenth Amendment right to due process, declaratory judgment and breach of the implied covenant of good faith and fair dealing.

## NATURE OF THE ACTION

2.      Defendant DNREC employed Plaintiff from February 29, 2016 until his termination on December 16, 2016.

3.      Defendants violated Plaintiff's right to procedural due process under the 14th Amendment to the Constitution for failing to provide him with a hearing prior to terminating his employment.

4.      Defendants breached the implied covenant of good faith and fair dealing which, under Delaware law, inheres in every contract.

## PARTIES

5.      Plaintiff is a resident of Townsend, New Castle County, Delaware, who at all times relevant to this Complaint was an employee of Defendant DNREC.

6.      Defendant DNREC is located at 89 Kings Highway, Dover, DE 19901, and is subject to service of process at the same address.

7.       Defendant Shawn M. Garvin is the current Secretary of the Department of Natural Resources and Environmental Control.  He is subject to service of process at 89 Kings Highway, Dover, DE 19901.

8.      Defendant David Small is the former Secretary of the Department of Natural Resources and Environmental Control under Governor Jack Markell.  He is subject to service of process at 89 Kings Highway, Dover, DE 19901.

9.      Defendant Drew T. Aydelotte is the Chief for the Division of Fish & Wildlife Natural Resources Police within DNREC.  He is subject to service of process at 89 Kings Highway, Dover, DE 19901.

10.     Defendant Brian Pollock is a Captain with the Division of Fish & Wildlife Natural Resources Police within DNREC.  He is subject to service of process at 89 Kings Highway, Dover, DE 19901.

# FACTS

*Plaintiff's Employment*

11.     Plaintiff began his employment with Defendant DNREC as a probationary officer in the Division of Fish & Wildlife Natural Resources Police on February 29, 2016.

12.     Defendant Pollock was Plaintiff's Field Training Officer.

13.     Defendant Pollock started harassing Plaintiff during FTO.  He would spit his chew in the truck after Plaintiff detailed the truck.

14.     Defendant Pollock physically grabbed Plaintiff by the ear.

15.     Defendant Pollock started telling Plaintiff, "You can resign before I fire you," and "Go ahead quit," and "If I fire you, you will never work in law enforcement again."

16.     Additionally, Defendant Pollock said to Plaintiff's father, Robert Metzgar, Jr., "Your son hates me at this point but it's to make him a great officer."

17.     During the twelve weeks of field training the officers are supposed to be assigned to different field training officers to gain other experience and knowledge.

18.     Defendant Pollock lied to Plaintiff and said other FTOs didn't want to train him, which was untrue.

19.     When Plaintiff did train with other officers he scored well.

20.     Defendant Pollock threatened Plaintiff and tried to get him to write up his friends.

21.     Plaintiff was falsely placed on a Performance Improvement Plan ("PIP"), in an attempt to extend his FTO.

22.     Plaintiff received a phone call from Cpl. Shea Lindale, on his day off regarding his work schedule.

3

23.     Cpl. Lindale had texted Plaintiff earlier that morning around 10 a.m. and Plaintiff did not respond to the text message because he was off and was sleeping.

24.     Plaintiff contacted Cpl. Lindale when he woke up.  Plaintiff was embarrassed he was still asleep at such a late hour When asked if he was sleeping he said no, he was standing in his deer stand.

25.     On or about December 12th, Plaintiff was interrogated by Defendant Pollock, while he was on duty at the New Castle County office.

26.     Defendant Pollock failed to provide notice of any investigation he was conducting prior to questioning, and he further failed to advise Plaintiff of his right to be represented during the questioning.

27.     Defendant Pollock instead began immediately interrogating Plaintiff regarding his conversation with Cpl. Lindale during his day off and whether or not he was truly in his deer stand that morning or if he was just asleep.

28.     On the night of December 12th or 13th, while Plaintiff was off duty, Defendant Pollock called Plaintiff and began questioned him again.  He stated that their conversation would be "completely off the record."  He then asked if Plaintiff was truly in the deer stand or if he was sleeping.  Plaintiff admitted to him that he had been sleeping on his day off.

29.     Plaintiff was embarrassed and worried to say he had slept in due to the constant scrutinizing of his performance in the workplace.

30.     On or about December 14th, while off duty, Plaintiff was told via text message from Defendant Pollock, to come in the next morning prepared for an "equipment inspection."  He was told to bring all of his gear as everything would be subject to inspection.

31.     The next morning, Plaintiff reported to Defendant Pollock at the office in New Castle, went over all of his issued gear, then went on patrol in Defendant Pollock's vehicle.  He had his badge, was armed and in full gear. Plaintiff performed several of his normal daily activities including checking goose hunters and patrolling the C&D canal and was told he had performed very well while checking the hunters.

32.     Plaintiff was then told they were going to Dover to have a meeting with Chief Aydelotte. There was not a meeting, as Plaintiff was placed in a room where he waited for approximately twenty minutes.

33.     On December 16, 2016, Defendant Aydelotte and Defendant Pollock entered the room and informed Plaintiff he was terminated and handed him a letter stating the reasons for termination were related to truthfulness.

34.     The questioning conducted by Defendant Pollock and the answers provided by Plaintiff directly lead to the dismissal in accordance with the termination letter.

35.     Defendant Pollock was at all times attempting to question Plaintiff and he was well aware that he intended to use Plaintiff's responses to support a charge of dismissal but failed to provide Plaintiff with his rights afforded under 11 Del. C. § 9200(c).

36.     Plaintiff, was not provided a hearing as required by the by the Law Enforcement Officers' Bill of Rights, 11 *Del. C.* §9203.

## CLAIMS AND DAMAGES

Based upon the above allegations, Plaintiff maintains the following legal claims against Defendants:

## COUNT I
### Violation of 14th Amendment Procedural Due Process
**(vs. State of Delaware Department of Natural Resources and Environmental Control and all Individual Defendants)**

37.     The allegations of Paragraphs 1 through 38 are incorporated by reference as if fully restated herein.

38.     Plaintiff's constitutional right to procedural due process has been denied under the Fourteenth Amendment of the U.S. Constitution and 42 U.S.C. § 1983.

39.     Plaintiff possessed a property interest in his job which was subject to the due process clause of the Fourteenth Amendment.

40.     Plaintiff is a law enforcement officer as denied under 11 *Del. C.* §9200.

41.     Plaintiff was subjected to questioning which led to his dismissal in violation of 11 *Del. C.* §9203(c), including but not limited to the following provisions: questioning during unreasonable hours; which included when he was off duty; the questioning which did not take place at headquarters; not being informed of the charges or that there was an investigation pending; being threaten and or coerced into providing answers; upon information and belief there is no recording of the interviews; Plaintiff was not informed of his right to be represented by counsel or any other representative.

42.     On December 16, 2016, Defendants Aydelotte and Pollock informed Plaintiff he was terminated and handed him a letter stating the reasons for termination were related to truthfulness.

6

43.     The questioning conducted by Defendant Pollock and the answers provided by Plaintiff directly lead to his dismissal in accordance with the termination letter.

44.     Defendant Pollock was at all times attempting to question Plaintiff and he was well aware that he intended to use Plaintiff's responses to support a charge of dismissal but failed to provide Plaintiff with his rights afforded under 11 *Del. C*. § 9200(c).

45.     Plaintiff, was not provided a hearing as required by the by the Law Enforcement Officers' Bill of Rights, 11 *Del. C.* §9203.

46.     Plaintiff was not provided a hearing prior to his termination in accordance 11 *Del. C.* §9203 and was therefore further denied due process.

47.     Defendants violated Plaintiff's rights by terminating his employment without due process and thereby caused him financial and professional damage.

## COUNT II
**Violation of 14th Amendment Due Process Clause**
**Failure to Provide a Name-Clearing Hearing**
**(vs. State of Delaware Department of Natural Resources and Environmental Control and all Individual Defendants)**

48.     The allegations of Paragraphs 1 through 45 are incorporated by reference as if fully restated herein.

49.     The individual Defendants violated Plaintiff's constitutional rights by failing to provide Plaintiff with an opportunity to refute the charges or allegations made against him and clear his name.

50.     Failure to provide Plaintiff with a "name-clearing" hearing under these circumstances is a violation of the Fourteenth Amendment's due process clause.

51.     Plaintiff was a public employee employed with DNREC at the time of his termination.

52.     The Defendants published the nature of the charges against Plaintiff which they allege led to his termination of employment.

53.     Plaintiff contends the accuracy of the charges that he is untruthful and has questionable character.

54.     The charge of truthfulness and questionable character was made in direct connection with Plaintiff's termination of employment.

55.     As Plaintiff was defamed in the course of his termination, he satisfied the required "stigma-plus" test.

56.     Plaintiff should have been afforded an opportunity to refute the stigmatization of the charge through a name-clearing hearing.

57.     As Plaintiff was not given the process he was due, i.e., the name-clearing hearing, he has suffered a deprivation of a liberty interest under the Due Process Clause.

58.     Due to the fact Plaintiff has been denied the opportunity to clear his name he has not been able to obtain gainful employment and he has been damaged financially and professionally.

## COUNT III
### Violation of 14th Amendment Due Process Clause
### Monell Custom and Policy
### (vs. State of Delaware Department of Natural Resources and Environmental Control)

59.     The allegations of Paragraphs 1 through 56 are incorporated by reference as if fully restated herein.

60.     Defendant State of Delaware Department of Natural Resources and Environmental Control were responsible for the field training of the officers within the Division of Fish and Wildlife Natural Resources.

61.     Defendant DNREC has a custom and policy as set forth in its polices and Merit Rules which is in direct conflict with the Law Enforcement Officers' Bill of Rights.  There are no safeguards set forth in these polices, procedures and or Merit Rules which safeguard the rights afforded to officers under the Law Enforcement Officers' Bill of Rights.

62.     On December 16, 2016, Defendants Aydelotte and Pollock informed Plaintiff he was terminated and handed him a letter stating the reasons for termination were related to truthfulness.

63.     The questioning conducted by Defendant Pollock and the answers provided by Plaintiff directly lead to the dismissal in accordance with the termination letter.

64.     Defendant Pollock was at all times attempting to question Plaintiff and he was well aware that he intended to use Plaintiff's responses to support a charge of dismissal but failed to provide Plaintiff with his rights afforded under 11 *Del. C.* § 9200(c).

65.     Plaintiff, was not provided a hearing as required by the by the Law Enforcement Officers' Bill of Rights, 11 *Del. C.* §9203.

66.     The State of Delaware has a custom of not providing its probationary officers a hearing prior to their termination as required under the Law Enforcement Officers' Bill of Rights.

67.     Through its polices, practices, and or customs the State of Delaware Department of Natural Resources and Environmental Control deprived Plaintiff of his rights to due process as guaranteed by the Fourteenth Amendment to the U.S. Constitution, and 42 U.S.C. §1983.

68.     As a result, Defendant DNREC caused Plaintiff to suffer financial and professional damages.

## COUNT IV
### Declaratory Judgment

69.     Plaintiff hereby restates and incorporates by reference paragraphs 1 through 66 as if fully stated herein.

70.     A substantial and continuing controversy exists between Plaintiff and Defendants surrounding the due process followed in relation to Plaintiff's termination and failure to provide the proper procedures in accordance with the Law Enforcement Officer's Bill of Rights.

71.     Under the circumstances, 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57 authorize this Court to declare (a) Plaintiff was not afforded due process under the Law Enforcement Officer's Bill of Rights (b) reinstate Plaintiff to his position within DNREC (c) remove any statements made by Plaintiff which were obtained in violation of the Law Enforcement Officer's Bill of Rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court order the following relief in favor of Plaintiff:

A.  Declare the conduct by Defendants to be in violation of Plaintiff's statutory rights and common law rights.

B.  Awarding Plaintiff any and all consequential damages, including, but not limited to lost wages, salary, employment benefits, back pay, front pay, pre and post judgement interest, equity, liquidated damages, and any or all pecuniary damages.

C.  Awarding Plaintiff all compensation due as a result of Defendants' violations herein.

D.  Awarding Plaintiff an equal and additional amount as liquidated damages.

E.  Awarding Plaintiff costs and reasonable attorney's fees.

F.  Awarding Plaintiff pre and post judgment interest at the legal rate.

G.  Removal of the December 16, 2016 letter from Plaintiff's personnel file.

H.  Any and all such other relief as the Court deems appropriate under the circumstances.

**LAW OFFICES OF**
**MICHELE D. ALLEN, LLC**
*/s/ Michele D. Allen*
Michele D. Allen (#4359)
Caitlyn E. Quinn (#6319)
724 Yorklyn Road, Suite 310
Wilmington, DE 19707
302-234-8600
302-234-8602 (fax)
michele@micheleallenlaw.com
*Attorneys for Plaintiff*

Dated: July 11, 2018

# EXHIBIT B

Click to Print                                    Printed on: 08/23/2018 15:18:42 GMT-0400 (Eastern Daylight Time)

**Case History Search**

Search Created:
08/23/2018 15:18:42 GMT-0400 (Eastern
Daylight Time)

| | | | |
|---|---|---|---|
| **Court:** | DE Superior Court-New Castle County | **Judge:** | Scott, Calvin L |
| **Division:** | | **Case Number:** | N18C-07-081 CLS |
| **Case Type:** | CMIS - Civil Miscellaneous | **Case Name:** | Rogert Metzgar III v. State of Delaware Department of Natural Resources and Environment Control, et al. |

| | |
|---|---|
| **File & ServeXpress Live Date:** | 7/11/2018 |
| **Document(s) Filed:** | 13 |
| **Date Range:** | All |

1-10 of 10 transactions    <<Prev  Page 1 of 1  Next>>

| Transaction | ▼Date/Time | Option | Case Number Case Name | Authorizer Organization | # | Document Type | Document Title | Review Status | Size |
|---|---|---|---|---|---|---|---|---|---|
| 62350951 | 8/15/2018 1:41 PM EDT | File And Serve | N18C-07-081 CLS Rogert Metzgar III v. State of Delaware Department of Natural Resources and Environment Control, et al. | Michele D Allen, Allen, Michele D LLC | 10 | Entry of Appearance | Entry of Appearance of Caitlyn E. Quinn for Plaintiff, Robert Metzgar III | Accepted | 0.1MB |
| 62343338 | 8/14/2018 9:52 AM EDT | File And Serve | N18C-07-081 CLS Rogert Metzgar III v. State of Delaware Department of Natural Resources and Environment Control, et al. | Wilson Buckmaster Davis, Department of Justice-Wilmington | 9 | Entry of Appearance | Entry of Appearance of Deputy Attorneys General Ralph Durstein and Wilson B. Davis on behalf of Defendants State of Delaware Department of Natural Resources and Environmental Control, Shawn M. Garvin, David Small, Drew T. Aydelotte, and Captain Brian Pollock • Linked to (1) | Accepted | 0.1MB |
| | | | | | | Certificate of Service | Certificate of Service of Entry of Appearance of Deputy Attorneys General Ralph | Accepted | 0.1MB |

| | | | | | | | | Durstein and Wilson B. Davis on behalf of Defendants State of Delaware Department of Natural Resources and Environmental Control, Shawn M. Garvin, David Small, Drew T. Aydelotte, and Captain Brian Pollock | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 62287359 | 7/30/2018 3:50 PM EDT | File Only | N18C-07-081 CLS Rogert Metzgar III v. State of Delaware Department of Natural Resources and Environment Control, et al. | Sheriff Kent County, Kent County Levy Court | 4 | Sheriffs Return | Writ Returned - Served State of Delaware Department of Natural Resources and Environmental Control by leaving with Chief Drew Aydelotte on 07-25-2018 | Accepted | 0.2MB |
| 62287360 | 7/30/2018 3:50 PM EDT | File Only | N18C-07-081 CLS Rogert Metzgar III v. State of Delaware Department of Natural Resources and Environment Control, et al. | Sheriff Kent County, Kent County Levy Court | 5 | Sheriffs Return | Writ Returned - Served Shawn M. Garvin, Secretary of DNREC by leaving with Chief Drew Aydelotte on 07-25-2018 | Accepted | 0.2MB |
| 62287363 | 7/30/2018 3:50 PM EDT | File Only | N18C-07-081 CLS Rogert Metzgar III v. State of Delaware Department of Natural Resources and Environment Control, et al. | Sheriff Kent County, Kent County Levy Court | 6 | Sheriffs Return | Writ Returned - Served David Small, DNREC by leaving with Chief Drew Aydelotte, on 07-25-2018 | Accepted | 0.2MB |
| 62287364 | 7/30/2018 3:50 PM EDT | File Only | N18C-07-081 CLS Rogert Metzgar III v. State of Delaware Department of Natural Resources and | Sheriff Kent County, Kent County Levy Court | 7 | Sheriffs Return | Writ Returned - Served Cpl Drew Aydelotte by leaving with Chief Drew Aydelotte, on 07-25-2018 | Accepted | 0.2MB |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | | Environment Control, et al. | | | | | | |
| 62287366 | 7/30/2018 3:50 PM EDT | File Only | N18C-07-081 CLS Rogert Metzgar III v. State of Delaware Department of Natural Resources and Environment Control, et al. | Sheriff Kent County, Kent County Levy Court | 8 | Sheriffs Return | Writ Returned - Served Captain Brian Pollock by leaving with Chief Drew Aydelotte on 07-25-2018 | Accepted | 0.2MB |
| 62269487 | 7/24/2018 12:47 PM EDT | File And Serve | N18C-07-081 CLS Rogert Metzgar III v. State of Delaware Department of Natural Resources and Environment Control, et al. | Susan SAH Hearn, DE Superior Court-New Castle County | 3 | Writ(s) Issued | (5) WRITS ISSUED ON 7-19-2018 | Accepted | 0.3MB |
| 62229227 | 7/11/2018 2:45 PM EDT | File Only | N18C-07-081 CLS Rogert Metzgar III v. State of Delaware Department of Natural Resources and Environment Control, et al. | Michele D Allen, Allen, Michele D LLC | 2 | Summons | Summons • Linked to (1) | Accepted | 0.1MB |
| 62228793 | 7/11/2018 2:05 PM EDT | File Only | N18C-07-081 CLS Rogert Metzgar III v. State of Delaware Department of Natural Resources and Environment Control, et al. | Michele D Allen, Allen, Michele D LLC | 1 | Complaint | Complaint • Linked from (2) | Accepted | 0.2MB |
| | | | | | | Case Information Statement | Case Information Statement | Accepted | 0.2MB |
| | | | | | | Praecipe | Praecipe | Accepted | 0.1MB |

1-10 of 10 transactions    <<Prev   Page 1 of 1   Next>>

# EXHIBIT C

## IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

| | | |
|---|---|---|
| ROBERT METZGAR III, | ) | |
| | ) | C.A. No.  N18C-07-081-CLS |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STATE OF DELAWARE DEPARTMENT | ) | |
| OF NATURAL RESOURCES AND | ) | |
| ENVIRONMENTAL CONTROL, | ) | |
| an agency of the State of Delaware, | ) | |
| SHAWN M. GARVIN, Secretary of | ) | |
| DNREC, in his official capacity, DAVID | ) | |
| SMALL, former Secretary of DNREC, | ) | |
| in his official capacity, CHIEF DREW T. | ) | |
| AYDELOTTE, in his individual and | ) | |
| official capacities, and CAPTAIN BRIAN | ) | |
| POLLOCK, in his individual and official | ) | |
| capacities, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF FILING OF NOTICE OF REMOVAL

TO:   CLERK OF THE SUPERIOR COURT OF DELAWARE

Please take notice that on this 24th day of August, 2018, Defendants filed

a Notice of Removal of the above-captioned matter to the United States District

Court for the District of Delaware.  A copy of the Notice of Removal is attached

as Exhibit "A."

In accordance with 28 U.S.C. § 1446(d), this Notice, together with the

Notice of Removal filed in the United States District Court for the District of

Delaware, has effected a removal of this case from the Superior Court of the

State of Delaware, to the United States District Court for the District of Delaware.  This Court "shall proceed no further unless and until this case is remanded."  28 U.S.C. § 1446(d).

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

/s/ Wilson B. Davis
Ralph K. Durstein, III (DE #912)
Wilson B. Davis (DE #5154)
Deputy Attorneys General
Carvel State Office Building
820 North French Street, 6th Fl.
Wilmington, Delaware 19801
Ralph.Durstein@state.de.us
Wilson.Davis@state.de.us
(302) 577-8400
*Counsel for Defendants*

Dated: August 24, 2018

## CERTIFICATE OF SERVICE

The undersigned certifies that, on August 24, 2018, he caused a true and correct copy of

the attached *Notice of Removal* to be filed and with the Clerk of the Court using CM/ECF.  A hard

copy of the *Notice of Removal* was sent to the following via First Class Mail on the same date:

**Law Offices of Michele D. Allen, LLC**
Michele D. Allen
Caitlyn E. Quinn
Stone Mill Office Plaza
724 Yorklyn Road, Suite 310
Hockessin, DE 19707
*Attorneys for Plaintiff*



*/s/ Wilson B. Davis*
Wilson B. Davis (DE # 5154)