IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBERT METZGAR III, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 18-1310-CFC |
| STATE OF DELAWARE DEPARTMENT OF NATURAL RESOURCES AND ENVIRONMENTAL CONTROL, an agency of the State of Delaware, SHAWN M. GARVIN, Secretary of DNREC, in his official capacity, DAVID SMALL, former Secretary of DNREC, in his official capacity, CHIEF DREW T. AYDELOTTE, in his individual and official capacities, and CAPTAIN BRIAN POLLOCK, in his individual and official capacities, | : | |
| Defendants. | : | |

Michele D. Allen, ALLEN & ASSOCIATES, Wilmington, Delaware

*Counsel for Plaintiff*

Ralph K. Durstein, III, Wilson B. Davis, STATE OF DELAWARE DEPARTMENT OF JUSTICE, Wilmington, Delaware

*Counsel for Defendants*

## MEMORANDUM OPINION

July 9, 2019
Wilmington, Delaware

_____
CONNOLLY, UNITED STATES DISTRICT JUDGE

Plaintiff Robert Metzgar III has sued five defendants for alleged violations of his right to due process under the Fourteenth Amendment of the United States Constitution: the State of Delaware Department of Natural Resources and Environmental Control ("DNREC"); Shawn M. Garvin, the Secretary of DNREC; Garvin's predecessor, David Small; Drew T. Aydelotte, the Chief of DNREC's Division of Fish & Wildlife Natural Resources Police Department ("the FWPD"); and Brian Pollock, a Captain with the FWPD. Pending before me is Defendants' motion to dismiss all four counts of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* D.I. 4. For the reasons discussed below, I will grant the motion.

## I. BACKGROUND[1]

Plaintiff began his employment with DNREC as an FWPD probationary officer in February 2016. D.I. 1-1 ¶ 11. On an unspecified date around 10:00 a.m., while Plaintiff was off-duty, he received a text message from FWPD Corporal Shea Lindale regarding his work schedule. *Id.* ¶¶ 22-23. Plaintiff "did not respond to the text message because he was off and was sleeping." *Id.* ¶ 23. Plaintiff

---

[1] As I am assessing the merits of a Rule 12(b)(6) motion to dismiss, I accept as true all factual allegations in the complaint and view those facts in the light most favorable to the plaintiff. *See Umland v. Planco Fin. Servs.*, 542 F.3d 59, 64 (3d Cir. 2008).

contacted Corporal Lindale "when he woke up." *Id.* ¶ 24. Because he "was embarrassed he was still asleep at such a late hour[,] [w]hen asked [by Corporal Lindale] if he was sleeping[,] [Plaintiff] said no, he was standing in his deer stand." *Id.*

In December 2016, Captain Pollock, who served as Plaintiff's Field Training Officer, questioned Plaintiff "regarding his conversation with [Corporal] Lindale during [Plaintiff's] day off and whether or not he was truly in his deer stand that morning or if he was just asleep." *Id.* ¶¶ 25, 27. Captain Pollock did not provide Plaintiff with notice that he was conducting an investigation prior to his questioning of Plaintiff; nor did he advise Plaintiff of his right to be represented by counsel during this questioning. *Id.* ¶ 26. Pollack later called Plaintiff while Plaintiff was off-duty and told him that their conversation would be "completely off the record." *Id.* ¶ 28. Pollock again asked Plaintiff if he had truly been in his deer stand, or if he had been sleeping. *Id.* "Plaintiff admitted to [Pollock] that he had been sleeping on his day off." *Id.*

Shortly thereafter, Captain Pollock and Chief Aydelotte met with Plaintiff and told him he was being terminated from his probationary employment. *Id.* ¶ 33. Aydelotte "handed [Plaintiff] a letter stating the reasons for his termination were related to truthfulness." *Id.* The questioning conducted by Pollock and the answers provided by Plaintiff directly led to his dismissal. *Id.* ¶ 34. Plaintiff was

2

not provided a hearing concerning the termination of his probationary employment. *Id.* ¶ 36.

On July 11, 2018, Plaintiff filed his complaint against Defendants in the Superior Court of Delaware. *See* D.I. 1 at 1. On August 24, 2018, Defendants removed the case to this Court. *See id.* at 2.

Plaintiff's complaint has four counts. Count I, brought pursuant to 42 U.S.C. § 1983 against all five Defendants, alleges that Plaintiff's termination without a hearing and other protections to which he was entitled under the Delaware Law Enforcement Officers Bill of Rights (DELEBOR), 11 Del. C. § 9200 *et seq.*, deprived him of a property interest without due process in violation of the Fourteenth Amendment. Count II, also brought against all five Defendants, alleges that Plaintiff's termination without a "name-clearing hearing" deprived him of the liberty interest in his reputation without due process in violation of the Fourteenth Amendment. Although Plaintiff did not cite a statutory or common law basis for Count II, Defendants have treated Count II as a § 1983 claim, and therefore, the Court will do the same. Count III, brought pursuant to § 1983 against DNREC only, alleges that DNREC's custom and policy of not providing its probationary officers a pre-termination hearing required by the DELEBOR violated Plaintiff's Fourteenth Amendment due process rights. Count IV, brought pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57, seeks a

3

declaratory judgment that Defendants violated Plaintiff's Fourteenth Amendment rights and injunctive relief in the form of Plaintiff's reinstatement as a probationary officer and the removal of "any statements made by Plaintiff [that] were obtained in violation of [the DELEBOR]." D.I. 1-1 ¶ 71.[2]

## II. LEGAL STANDARDS

To state a claim upon which relief can be granted, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Detailed factual allegations are not required, but the complaint must set forth sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When considering a Rule 12(b)(6) motion to dismiss, the court must accept as true all factual allegations in the complaint and view them in the light most favorable to the plaintiff. *Umland*, 542 F.3d at 64. Further, "[i]n deciding a Rule 12(b)(6)

---

[2] Plaintiff offers no explanation for why he cited in a state court complaint Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201, which authorize federal courts to issue declaratory judgments. Plaintiff did not cite in his complaint 10 Del. C. § 6501, which empowers Delaware's state courts to issue declaratory judgments; nor did he cite Delaware Superior Court Rule 57 or any other Delaware authority that empowers the Superior Court to issue declaratory judgments.

4

motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complaint's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010); *see also Krauter v. Siemens Corp.*, 725 F. App'x 102, 109 (3d Cir. 2018) ("Although we draw reasonable inferences in [plaintiff's] favor, we do not interpolate allegations that are not in the complaint.")

## III. DISCUSSION

### A. Plaintiff's Property-Interest Fourteenth Amendment Claims

Counts I, III, and IV are property-interest Fourteenth Amendment claims. Plaintiff argues that due process protections afforded to probationary officers under the DELEBOR made his employment as a probationary officer for the FWPD a property interest for Fourteenth Amendment purposes. Defendants do not dispute that Plaintiff was entitled to a pre-termination hearing and related due process protections under the DELEBOR. *See* D.I. 6 at 5. They argue, however, that because probationary officers can be terminated at will under Delaware law, Plaintiff's employment is not a property interest covered by the Fourteenth Amendment's due process clause. I agree with Defendants.

"[A] state employee who under state law, or rules promulgated by state officials, has a legitimate claim of entitlement to continued employment absent sufficient cause for discharge may demand the procedural protections of due

5

process" afforded by the Fourteenth Amendment. *Goss v. Lopez*, 419 U.S. 565, 573 (1975). A state employee, however, who holds his position "at the will and pleasure of" his employer, has "no property interest" protected by the Fourteenth Amendment. *Bishop v. Wood*, 426 U.S. 341, 345 n.8 (1976). Whether an employee holds an at-will position "must be decided by reference to state law." *Id.* at 344.

Delaware's Supreme Court has decreed that "[i]n Delaware, there is a heavy presumption that a contract for employment, unless otherwise expressly stated, is at-will in nature[.]" *Rizzitiello v. McDonald's Corp.*, 868 A.2d 825, 830 (Del. 2005) (internal quotation marks and citation omitted). In this case, Plaintiff has not pointed to any express statement in a contract, statute, or regulation that would rebut the presumption that his employment was at-will. Moreover, he described his position in his complaint as "probationary"; and he does not dispute that as a probationary officer he was covered by State of Delaware Merit Rule 9.2, which provides that such an officer "may be dismissed at any time" with no right of appeal to the state's Merit Employees Relations Board except in cases of alleged discrimination. State of Delaware Merit Rule, Probation 9.2, https://merb.delaware.gov/state-merit-rules-chapter-9/.

That a probationary officer may be entitled to a pre-termination hearing and other due process protections under the DELEBOR does not affect the analysis.

"The fact that state law may grant procedural protections to an at-will employee does not transform his or her interest in continued employment into a property interest protected by the Due Process Clause." *Thomas v. Town of Hammonton*, 351 F.3d 108, 113 (3d Cir. 2003); *see also Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985) ("'Property' cannot be defined by the procedures provided for its deprivation any more than can life or liberty."). Accordingly, Plaintiff's employment as a probation officer is not a property interest protected by the Fourteenth Amendment; and I therefore will dismiss Counts I, III, and IV of the complaint.

### B. Plaintiff's Liberty-Interest Fourteenth Amendment Claim

Count II is a liberty-interest Fourteenth Amendment claim based on the "stigma-plus" doctrine. Under that doctrine, a plaintiff may "make out a due process claim for deprivation of a liberty interest in reputation ... [by] show[ing] a stigma to his reputation *plus* deprivation of some additional right or interest." *Hill v. Borough of Kutztown*, 455 F.3d 225, 236 (3d Cir. 2006) (emphasis in original). "When such a deprivation occurs, the employee is entitled to a name-clearing hearing." *Id.* In *Hill*, the Third Circuit held that "a public employee who is defamed in the course of being terminated ... satisfies the 'stigma-plus' test even if, as a matter of state law, he lacks a property interest in the job he lost." *Id.* at 238.

It is undisputed that Plaintiff was terminated and therefore satisfies the "plus" prong of the stigma-plus test. "To satisfy the 'stigma' prong of the test, it must be alleged that the purportedly stigmatizing statement(s) (1) were made publicly, and (2) were false." *Hill*, 455 F.3d at 236 (internal citations omitted). In this case, the purportedly stigmatizing statement that resulted in Plaintiff's termination was that "he [was] untruthful." D.I. 1-1 ¶ 53. But Plaintiff admits in his complaint that he was untruthful when he told Corporal Lindale that he had not responded to Lindale's text because Plaintiff was "standing in his deer stand." *Id.* ¶ 24. In Plaintiff's own words: he "did not respond to the text message because he was off and was sleeping" and because "he was embarrassed he was still asleep at such a late hour[,] [w]hen asked [by Corporal Lindale] if he was sleeping, he said no, he was standing in his deer stand." *Id.* ¶¶ 23-24. This admission is fatal to his stigma-plus claim, and I therefore will dismiss Count II.

## IV. CONCLUSION

For the reasons discussed above, Plaintiff failed to allege in his complaint claims upon which relief can be granted. I therefore will grant Defendants' motion to dismiss the complaint.

The Court will enter an order consistent with this Memorandum Opinion.