IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT METZGAR III,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF DELAWARE DEPARTMENT OF NATURAL RESOURCES AND ENVIRONMENTAL CONTROL, an agency of the State of Delaware, SHAWN M. GARVIN, Secretary of DNREC, in his official capacity, DAVID SMALL, former Secretary of DNREC, in his official capacity, CHIEF DREW T. AYDELOTTE, in his individual and official capacities, and CAPTAIN BRIAN POLLOCK, in his individual and official capacities<br>Defendants. | Civil Action No. 18-1310-CFC |

Michele D. Allen, ALLEN & ASSOCIATES, Wilmington, Delaware

*Counsel for Plaintiff*

Ralph K. Durstein, III, Wilson B. Davis, STATE OF DELAWARE DEPARTMENT OF JUSTICE, Wilmington, Delaware

*Counsel for Defendants*

## **MEMORANDUM OPINION**

January 13, 2020
Wilmington, Delaware

                                                        */s/ Colm F. Connolly*
                                                        COLM F. CONNOLLY
                                                     UNITED STATES DISTRICT JUDGE

Plaintiff Robert Metzgar sued five defendants for alleged violations of his right to due process under the Fourteenth Amendment of the United States Constitution: the State of Delaware Department of Natural Resources and Environmental Control (DNREC); Shawn M. Garvin, the Secretary of DNREC; Garvin's predecessor, David Small; Drew T. Aydelotte, the Chief of DNREC's Division of Fish & Wildlife Natural Resources Police Department (the FWPD); and Brian Pollock, a Captain with the FWPD. D.I. 4. On July 9, 2019, the Court granted Defendants' motion to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6). D.I. 11; D.I. 12. Plaintiff has moved for reconsideration of the Court's dismissal decision under Federal Rule of Civil Procedure 59(e). D.I. 13.

"The standard for obtaining relief under Rule 59(e) is difficult to meet." *Butamax Advanced Biofuels LLC v. Gevo Inc.*, 2015 WL 4919975, at *1 (D. Del. Aug. 18, 2015). A court should exercise its discretion to alter or amend its judgment only if the movant demonstrates one of the following: (1) a change in the controlling law; (2) a "need to correct a clear error of law or fact or to prevent manifest injustice"; or (3) availability of new evidence not available when the judgment was granted. *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176

F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration is "not properly grounded on a request that a court rethink a decision already made and may not be used as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Butamax*, 2015 WL 4919975, at *1 (internal quotation marks and citations omitted).

Although Plaintiff states that he is seeking reconsideration because the Court "misunderstood the application of law" and reconsideration is needed to prevent manifest injustice, D.I. 13 ¶¶ 4, 8, he merely repeats the arguments he made when opposing Defendants' motion to dismiss: that he was "not an 'at-will' employee but rather he ha[d] a 'property' interest in his continued employment which was created and defined by the terms of the Delaware Law Enforcement Officers Bill of Rights," *id.* ¶ 11; D.I. 5 at 7–9; D.I. 13 at 5–7. Such arguments do not warrant reconsideration.

"Reconsideration should not be granted where it would merely accomplish repetition of arguments that were or should have been presented to the court previously." *Karr v. Castle*, 768 F. Supp. 1087, 1093 (D. Del. 1991). Plaintiff has not asserted that the Court's decision was based on a clear error of law or fact. Nor has he presented any evidence that the Court's decision resulted or will result in manifest injustice. Instead, Plaintiff, at most, asserts that it would have been reasonable for the Court to rule in his favor on the motion to dismiss and asks the

2

Court to reconsider arguments he already presented to it. "Reconsideration is not permitted simply to allow a second bite at the apple." *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995). Without a showing of clear error or manifest injustice, the Court will not reconsider Plaintiff's claim that his employment was a property interest protected by the Fourteenth Amendment.

Plaintiff also asserts that the Court misapplied the law when it concluded that Plaintiff did not have a liberty interest under the Fourteenth Amendment, but he provides no arguments or evidence in support of that conclusory statement. The Court will therefore not reconsider Plaintiff's liberty interest claim.

Accordingly, the Court will deny Plaintiff's motion for reconsideration.

The Court will enter an order consistent with this Memorandum Opinion.